Opinion issued October 29,
2009

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00412-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



VIRGILIO PEREZ-VASQUEZ, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 

 



On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1123523

 

 

MEMORANDUM
OPINION

 

Appellant, Virgilio Perez-Vasquez,
without an agreed punishment recommendation from the State, pleaded guilty to
the offense of murder and was sentenced to twenty years’ confinement.
Perez-Vasquez’s counsel has provided us with a brief and motion to withdraw
from representation pursuant to Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967).   We grant the motion and affirm the judgment of the trial
court.

Background

One evening in March 2007, Jabes Lopez
was visiting Perez-Vasquez at his apartment.  After several hours of drinking,
the men began an argument that ended when Perez-Vasquez stabbed Lopez in the
chest.  Lopez collapsed to the floor and died.  

Perez-Vasquez left Lopez’s body to go
out to eat with his brother.  When Perez-Vasquez returned, Lopez’s body was
still lying on the floor of his apartment.  He and his brother did not move the
body or report the incident to the police, but they did attempt to clean the
bloodstains from the apartment.

The next day, police found Lopez’s
body and apprehended Perez-Vasquez.  The State charged him with murder.  The
trial court appointed defense counsel, and Perez-Vasquez decided to enter a
guilty plea without an agreed recommendation as to punishment.  

          Before Perez-Vasquez
entered his plea, he acknowledged in writing that the trial court admonished
him, among other things, that a first-degree felony conviction would result in
“a term of life or any term of not more than 99 years or less than 5 years” of
incarceration, as well as a possible fine of up to $10,000.  Before the trial
court accepted Perez-Vasquez’s plea, he also acknowledged that he

·       
was mentally
competent and understood the nature of the charge against him;

·       
understood the
trial court’s admonishments;

·       
waived the right
to have the trial court orally admonish him;

·       
waived the right
to have a court reporter record his plea;

·       
understood the
consequences of waiving his constitutional rights and agreeing to stipulate and
confess to guilt;

·       
understood that
the trial court was required to order the preparation of a Pre-Sentence
Investigation (PSI) and declined to participate in preparing it;

·       
understood the
consequences of his plea and requested that the trial court accept it;

·       
freely, knowingly,
and voluntarily executed the above statements and waivers in open court with
the consent and approval of his attorney; and

·       
read or had
explained to him in Spanish, and before his confession, the admonishments,
statements, and waivers, as well as the written waiver of constitutional
rights, agreement to stipulate, and judicial confession, and fully consulted
with his attorney before entering his plea.  

 

At the sentencing hearing, the trial
court reviewed the PSI and heard Perez-Vasquez’s written statement, translated
and read aloud by defense counsel.  Perez-Vasquez requested compassion in his
sentencing, explaining that he had not been involved in any prior crimes and
that his family counted on him for support.  In his closing argument, defense
counsel explained Perez-Vasquez’s version of the circumstances that led to
Lopez’s death and requested leniency on the basis that Perez-Vasquez had acted
out of fear and in self-defense when he stabbed Lopez.  The trial court also
heard testimony from Lopez’s brother about the impact his older brother’s death
has had on their family.  The trial court sustained defense counsel’s
objections to the State’s questions eliciting the brother’s opinion concerning
the sentence Perez-Vasquez should receive. 

The trial court affirmatively found
that Perez-Vasquez used a deadly weapon in committing the murder and imposed a
sentence of twenty years’ imprisonment.  The trial court certified
Perez-Vasquez’s right to appeal and appointed appellate counsel.

Discussion

Appellant’s
counsel on appeal has filed a brief stating that the record presents no
reversible error, that the appeal is without merit and is frivolous, and that
the appeal must be dismissed or affirmed.  See Anders, 386 U.S. 738, 87
S. Ct. 1396.  The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable
grounds for reversal.  Id. at 744, 87 S. Ct. at 1400; see also High
v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). 

Counsel
represents that he has served a copy of the brief on appellant.  Counsel also
advised appellant of his right to examine the appellate record and file a pro
se brief.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App.
1991).  More than thirty days have passed, and appellant has not filed a pro se
brief.  Having reviewed the record and counsel’s brief, we agree that the
appeal is frivolous and without merit and that there is no reversible error.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

We affirm the
judgment of the trial court and grant counsel’s motion to withdraw.[1] 
Attorney J. Sidney Crowley must immediately send the notice required by Texas
Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the
Clerk of this Court.

 

                                      PER
CURIAM

Panel consists of Chief Justice Radack and Justices Bland and
Massengale.

Do not publish.  Tex. R. App. P. 47.2(b).









[1] 
Appointed counsel still has a duty to inform
appellant of the result of this appeal and that he may, on his own, pursue
discretionary review in the Texas Court of Criminal Appeals.  See Bledsoe v.
State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).